ED JACKAMONIS, Chairman Assembly Committee on Organization
The Assembly Committee on Organization requests that I render an opinion concerning the effect of the Federal Equal Credit Opportunity Act (ECOA) on the eligibility requirements of Wisconsin's loan programs for veterans. The request is prompted by a Report of the Legislative Audit Bureau in which the Bureau "found that under the federal ECOA, veterans are able to legally circumvent the need requirements of the . . . [veterans] loan programs" (Audit Report 78-23, July 18, 1978). Specifically, the Committee asks (1) whether ECOA preempts the need requirements of Wisconsin's veterans loan programs, (2) whether the veterans loan programs are exempt from ECOA as "credit assistance program(s) expressly authorized by law for an economically disadvantaged class of persons" and (3) whether ECOA unconstitutionally restricts the exercise of Wisconsin's police powers to the extent that ECOA preempts the need requirements of the veterans loan programs.
ECOA, 15 U.S.C. secs. 1691-1691f, is part of the federal government's effort to provide consumer credit protection.
(1) It is my opinion that ECOA does not preempt the field occupied by Wisconsin Statutes relating to veterans' loans.15 U.S.C. § 1691 (b)(4)(c) provides in part:
ADDITIONAL ACTIVITIES NOT CONSTITUTING DISCRIMINATION
 (c) It is not a violation of this section for a creditor to refuse to extend credit offered pursuant to —
 (1) any credit assistance program expressly authorized by law for an economically disadvantaged class of persons;
An interpretive rule of the foregoing is contained in12 C.F.R. 202.8 (a):
Sec. 202.8 SPECIAL PURPOSE CREDIT PROGRAMS.
 (a) Standards for programs. Subject to the provisions of paragraph (b) of this section, the Act and this Part are not violated if a creditor refuses to extend credit to the applicant solely *Page 103 
because the applicant does not qualify under the special requirements that define eligibility for the following types of special purpose credit programs:
 (1) Any credit assistance program expressly authorized by Federal or State law for the benefit of an economically disadvantaged class of persons; or
The question, then, is whether Wisconsin's laws providing for veteran's loans is "for the benefit of an economically disadvantaged class." The Legislature adopted specific provisions to show that purpose.
Loans under sec. 45.351 are "to prevent want or distress."
Under the legislative findings in sec. 45.70 (1), Stats., the program is for "veterans, who have sacrificed in the service of their country, valuable years of their lives and considerable earning potential."
The intent declared in sec. 45.70 (2), Stats., is to provide loans for homes "without requiring down payments beyond the reach of families of modest means."
Section 45.73 (1), Stats., provides that if applications exceed available funds the department shall give priority to "the most necessitous cases."
Section 45.74, Stats., provides that no person may receive a loan if the department determines that: "He does not require a loan in addition to his own funds."
Since the state's assistance program is for an economically disadvantaged class, the restrictions of the federal law do not preclude the department from making inquiries relating to family income.
(2) It follows from the foregoing that since ECOA does not apply to the Wisconsin loan program, no question of constitutionality arises.
(3) Your third question is answered in the negative in the discussion above of your first question.
BCL:BL *Page 104